■ MKP Master Fund, LDC, et al., Appellants, v Salomon Smith Barney, Inc., Respondent. [783 NYS2d 528]—

Order, Supreme Court, New York County (Charles Edward Ramos, J.), entered July 10, 2003, which, to the extent appealed from, granted defendant's motion for summary judgment and denied plaintiff MKP Master Fund's motion for summary judgment on two of its claims and on defendant's counterclaim, unanimously affirmed, with costs.

Plaintiff managers of an investment hedge fund allege an oral agreement with their broker-dealer, binding the latter to accept so-called "bonds-in-a-box" in meeting the fund's brokerage obligations for the life of the relationship, and that defendant breached such agreement when it demanded the fund pay only in cash or Treasury securities. The motion court found that the agreement expressly prohibited any oral modification. The fact that defendant was willing to accept certain trading practices when the market was more favorable did not thereafter constitute an estoppel compelling defendant to expose itself to financial risk when market conditions became less propitious. At the very least, the alleged oral agreement obliging defendant to accept inferior collateral was barred by the statute of frauds (General Obligations Law § 15-301 [1]; *see also Blittner v Friesch-Groningshe Hypotheebank Realty Credit Corp.*, 221 AD2d 152 [1995]).

The motion court was similarly warranted in dismissing plaintiffs' claim for breach of the parties' Master Repurchase Agreement. The fund attempts to excuse its failure to provide written notice in required form, demanding repayment of the excess margin, arguing that defendant had already defaulted when one of its officers purportedly informed the fund that it would not be paying any amounts to the fund. Defendant could not have been in breach without a written call as contemplated in the agreement.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Williams, Marlow and Sweeny, JJ.